UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES L. YOUNGBLOOD,

    Plaintiff,

vs.                                                             Case No.  3:11-cv-128-J-MCR

MICHAEL J. ASTRUE, Commissioner of the
Social Security Administration,

    Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**[1]

This cause is before the Court on Plaintiff's appeal of an administrative decision denying his application for Social Security benefits.  The Court has reviewed the record, the briefs, and the applicable law.  For the reasons set forth herein, the Commissioner's decision is **REVERSED** and **REMANDED.**

**I.  PROCEDURAL HISTORY**

Plaintiff filed applications for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income on May 10, 2006.  In the applications, Plaintiff alleged disability starting May 1, 2006.  Plaintiff later amended his date of disability to April 13, 2009.  The Social Security Administration ("SSA") denied these applications initially on October 5, 2006 and upon again reconsideration on December 14, 2006.  Plaintiff then submitted a written request for a hearing before an Administrative Law Judge ("ALJ") on July 10, 2007.  The hearing was conducted on

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  (Doc. 14).

1

April 13, 2010. On May 7, 2010, the ALJ issued a decision finding Plaintiff not disabled. Because the Appeals Council denied Plaintiff's request for review, the ALJ's May 7, 2010 decision was the final decision of the Commissioner. Plaintiff timely filed his Complaint in this Court on February 14, 2011. (Doc. 1).

## II.  NATURE OF DISABILITY CLAIM

### A.    Basis of Claimed Disability

Plaintiff claimed to be disabled since April 13, 2009, due to a back injury, knee pain, and hypertension. (Tr. 34, 40, 316, 366).

### B.    Summary of Evidence Before the ALJ

Plaintiff was fifty-one years of age on the date of his hearing before the ALJ. (Tr. 35). Plaintiff had past relevant work as a stacker, hand packager, and house repairer, and had completed school through the eleventh grade. (Tr. 37, 53).

On September 22, 2006, Plaintiff met with a consultative doctor, Dr. Timothy J. McCormick. During the examination, Plaintiff reported a back injury in 1999 and continued lower back pain. Dr. McCormick reported Plaintiff had full range of motion, full strength throughout, and his gait was normal. The only abnormality was Plaintiff's elevated blood pressure at 210/110. (Tr. 316-319).

The record also contains two medical consultant reports: one dated September 2006, completed by Donald Morford, M.D., and one dated October 2006, completed by Eric Puestow, M.D. (Tr. 324-341). Both reports noted some exertional limitations. Id.

On February 25, 2010, Plaintiff saw Dr. Lily S. Rocha. Plaintiff complained of low back and knee pain. (Tr. 365). Plaintiff's grip and fine dexterity was 5/5 and equal

bilaterally. (Tr. 366). Plaintiff's straight leg raises were "possible to 40 degrees bilaterally seated and to just ten degrees bilaterally supine and limited due to back pain." Id. Plaintiff's pulses and reflexes were 5/5 and equal bilaterally in the upper and lower extremities. Plaintiff was able to walk 30 feet without the use of an assistive device, however, Plaintiff limped when walking. Id. Plaintiff's range of motion of the lumbar spine was within normal limits, although there was significant paravertebral muscle spasm noted along the entire lumbar spine. Id. X-rays indicated bilateral cartilage degeneration and a narrowing of the joint spaces in the knees with some arthritic changes on the tibial plateaus. Id.

Dr. Rocha noted no emotional factors that would contribute to the severity of Plaintiff's symptoms or functional limitations. (Tr. 368). Dr. Rocha found Plaintiff's pain interfered with the attention and concentration needed to perform even simple work tasks and that Plaintiff was not able to tolerate even low stress jobs. Id. Dr. Rocha indicated in her report that during an eight-hour workday, Plaintiff could sit for four hours and walk/stand for four hours, but needed to change positions after twenty minutes. (Tr. 368-369). Dr. Rocha also noted Plaintiff could lift twenty pounds rarely, and ten pounds occasionally, but Plaintiff could never crouch/squat and could rarely twist, stoop, or climb. (Tr. 369-370). Dr. Rocha estimated Plaintiff would likely be absent from work more than four days per month as a result of his impairments. (Tr. 370).

### C.     Summary of the ALJ's Decision

A plaintiff is entitled to disability benefits when he is unable to engage in substantial gainful activity because of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous

period of not less than 12 months.  42 U.S.C. §§ 416(i), 423(d)(1)(A); 20 C.F.R. §

404.1505.  The ALJ must follow five steps in evaluating a claim of disability.  See 20

C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful

activity, he is not disabled.  29 C.F.R. § 404.1520(b).  Second, if a claimant does not

have any impairment or combination of impairments which significantly limit his physical

or mental ability to do basic work activities, then he does not have a severe impairment

and is not disabled.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet

or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is

disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a claimant's impairments do not prevent

him from doing past relevant work, he is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if

a claimant's impairments (considering his residual functional capacity, age, education,

and past work) prevent him from doing other work that exists in the national economy,

then he is disabled.  20 C.F.R. § 404.1520(f).  Plaintiff bears the burden of persuasion

through step four, while at step five, the burden shifts to the Commissioner.  Bowen v.

Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287 n.5 (1987).

        In the instant case, the ALJ determined Plaintiff met the insured status

requirements of the Social Security Act through December 31, 2011.  (Tr. 18).  At step

one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the

alleged onset date, April 13, 2009.  Id.  At step two, the ALJ determined Plaintiff's

severe combination of impairments included hypertension and back pain.  Id.  At step

three, the ALJ concluded Plaintiff's severe impairments did not meet or equal any of the

listings in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Id.

        At step four, the ALJ determined Plaintiff retained the residual functional capacity

("RFC") to perform less than the full range of light work. (Tr. 19). The ALJ concluded Plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently, sit for six hours, and stand/walk for six hours in an eight-hour workday. Id.

In making the RFC determination, the ALJ stated he considered Plaintiff's testimony, which included complaints of chronic pain in his spine, left leg, and both knees. Id. The ALJ noted Plaintiff testified to needing to rest after walking half a block or standing for a period of time. Id. Plaintiff also testified he could lift ten pounds and could sit for twenty minutes before needing to alter his position. Id. The ALJ concluded Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, but the intensity, persistence, and limiting effects were not credible to the extent they were inconsistent with the RFC assessment. Id.

In considering the medical evidence, the ALJ briefly examined the opinions of Dr. Timothy J. McCormick, an examining consultative physician, and accorded it some weight. (Tr. 20-21). The ALJ also discussed the opinions of the medical consultants who reviewed the record in October 2006 and December 2006; those consultants determined Plaintiff was capable of performing medium work. (Tr. 21).

The ALJ also went into detail regarding the examination on February 25, 2010 by Dr. Rocha, an examining consultative physician, and found her opinion was not entitled to significant weight. Id. The ALJ determined Dr. Rocha's opinion was internally inconsistent, not consistent with the medical evidence in the record, and the ALJ was concerned the doctor was overly sympathetic. Id.

The ALJ utilized the testimony of a vocational expert (the "VE") during the hearing to determine whether Plaintiff could perform any of his past relevant work. (Tr.

5

22).  The VE testified that a hypothetical person with Plaintiff's limitations would not be able to perform any of Plaintiff's past relevant work.  Id.  Therefore, the ALJ proceeded to step five where he determined there were jobs which existed in significant numbers in the national economy Plaintiff could perform.  Id.  The VE stated, considering Plaintiff's age, education, work experience, and RFC, Plaintiff would be able to perform three different jobs that existed in significant numbers in the national economy.  (Tr. 22).  Thus, the ALJ determined Plaintiff was not disabled.  (Tr. 23).

### III.  ANALYSIS

#### A.    The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence.  Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Richardson, 402 U.S. at 401 and Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982)).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the

6

Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560; accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### B.     Issues on Appeal

Plaintiff argues two issues on appeal. First, Plaintiff asserts the ALJ erred in failing to analyze the severity of Plaintiff's knee condition. (Doc. 16, p. 1). Second, Plaintiff claims the ALJ erred in relying on the opinions of a non-examining consultant and rejecting the opinion of a one-time examining physician. Id. The Commissioner responds that there is substantial evidence to support the ALJ's decision that Plaintiff's knee impairment was not severe and that the ALJ properly considered the opinions of both the non-examining consultants and the one-time examining physician. (Doc. 17, pp. 4, 6). The Court will first examine the issue regarding the weight given to the expert opinion as it is dispositive.

### 1.     Whether the ALJ improperly discredited the one-time examining physician's opinion.

It is well settled that a treating physician "'must be given substantial or considerable weight unless 'good cause' is shown to the contrary.'" Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). While a physician who examines a patient one time is not considered a treating physician, McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987), when a

7

physician offers an opinion regarding the nature and severity of a claimant's impairments, the ALJ must state with particularity the weight given to that opinion and the reasoning behind that decision. Winschel v. Commissioner of Social Sec., 631 F.3d 1176, 1178-79 (11th Cir. 2011) (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2), and Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987)). Failure to do so makes it "impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." Winschel, 631 F.3d at 1179 (quoting Cowart v. Schwieker, 662 F.2d 731,735 (11th Cir. 1981)).

This Court finds no substantial evidence to support the ALJ's determination to discredit Dr. Rocha's opinion. The ALJ considered Dr. Rocha's opinion and determined it should not be given significant weight because it was "internally inconsistent," "not consistent with the medical evidence of the record," and Dr. Rocha was "overly sympathetic" to the claimant. (Tr. 21). However, the ALJ did not properly identify evidence in the record to support these conclusions.

The ALJ found Dr. Rocha's opinion to be internally inconsistent because Dr. Rocha noted in the narrative section of her report that Plaintiff could lift twenty pounds intermittently, but in her RFC evaluation, she reported Plaintiff was only able to lift ten pounds rarely. (Tr. 21). The ALJ was mistaken. In actuality, Dr. Rocha's report indicated Plaintiff could lift twenty pounds rarely and ten pounds occasionally. (Tr. 369). The undersigned does not find these statements to be inconsistent.

The ALJ also determined Dr. Rocha's opinion was not consistent with the evidence in the record and she was "overly sympathetic" to Plaintiff. (Tr. 21). Plaintiff argues the ALJ did not provide an explanation as to why he determined Dr. Rocha was

8

overly sympathetic. (Doc. 16, p. 13). However, the ALJ did state in his opinion that he was concerned "the doctor's opinion is more limiting than what may be supported by the medical evidence." (Tr. 21). Nonetheless, the ALJ did not specifically indicate what evidence, medical or otherwise, he was referring to when he determined Dr. Rocha's opinion was not consistent with the evidence in the record and her opinion was more limiting than was supported by the evidence. Therefore, it is impossible to determine if these conclusions were based on substantial evidence. See Cowart, 662 F.2d at 735 (finding the ALJ must specifically state the weight given to the evidence and **why** he came to that decision) (emphasis added).

Based on the foregoing, the ALJ did not properly discredit Dr. Rocha's opinion. The report is not internally inconsistent and the ALJ has failed to show, with any specificity, what evidence in the record supports the determination that Dr. Rocha was overly sympathetic to Plaintiff or how her opinion was inconsistent with other medical evidence. On remand, the ALJ shall reconsider Dr. Rocha's report and determine the proper weight to accord her opinions.

**2.    Whether the ALJ failed to adequately analyze the severity of Plaintiff's knee condition.**

At step two, the ALJ must determine whether a claimant's impairments are severe, both individually and in combination. Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987). By definition, step two is a "threshold inquiry." McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986). An impairment is not severe if "it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education,

9

or work experience." Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984).

The "'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986); see also 20 C.F.R. § 404.1521(a) (2003) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). However, failing to identify a severe impairment at step two is harmless error so long as the ALJ makes it clear that the impairment was considered in determining the residual functional capacity. See Perry v. Astrue, 280 F. App'x 887, 894 (11th Cir. 2008) (finding no error at step two because the ALJ clearly considered the impairments at step four). The ALJ must then make specific and well-articulated findings. Jamison, 814 F.2d at 588-589 (explaining the reviewing court must be able to determine what regulatory requirements the ALJ applied).

In the instant case, the ALJ found Plaintiff suffered from the severe impairments of hypertension and back pain. (Tr. 18). While the ALJ did not find the knee condition to be a severe impairment at step two, his opinion clearly indicates that he considered the knee condition when determining Plaintiff's RFC. At step four, the ALJ recognized chronic pain in both knees as one of Plaintiff's symptoms. (Tr. 19). The ALJ also noted the results of the X-ray completed during the February 25, 2010 physical examination, which gave some indication of knee cartilage degeneration. (Tr. 20, 366). Accordingly, the ALJ properly considered Plaintiff's knee pain even though he did not specifically list it as a severe impairment at step two. However, as this case is being remanded for the

ALJ to reconsider Dr. Rocha's opinion, he is directed to also reconsider Plaintiff's knee pain at step two and determine whether it is a severe impairment.

### IV.  CONCLUSION

For the foregoing reasons, the Commissioner's decision is hereby **REVERSED** and **REMANDED**.  On remand, the ALJ shall (1) reconsider the opinion of Dr. Rocha, and provide sufficient reasons, supported by substantial evidence, should he decide to discredit the opinion; (2) reconsider at step two Plaintiff's knee pain and determine whether it is a severe impairment; and (3) conduct any further proceedings deemed appropriate.  The Clerk of the Court is directed to enter judgment consistent with this opinion and thereafter, to close the file.

Should this remand result in the award of benefits, Plaintiff's attorney is hereby granted, pursuant to Rule 54(d)(2)(B), an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b), until thirty (30) days after the receipt of a notice of award of benefits from the Social Security Administration. **This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.**

**DONE AND ORDERED** at Jacksonville, Florida, this   28th   day of February, 2012.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record